UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL L. BARRETT,

    Plaintiff,

v.                                      Case No. 23-C-138

MONTREL BRIDGES,
RACHEL MATUSHAK,
CO SPENCE,
SGT FRIEDEL,
MICHAEL NEVEU, and
JAY VANLANEN,

    Defendants.

# SCREENING ORDER

Plaintiff Carl L. Barrett, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Barrett's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Barrett has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Barrett has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.10. Barrett's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Barrett, on August 24, 2022, at about 11:30 a.m., he told Defendant CO Spence that he was feeling suicidal, and he asked him to contact psychological services or send the unit range officer. About a half an hour later, Defendant Montrel Bridges, who was Barrett's range officer, came to Barrett's cell and told him he would contact Defendant Sgt. Friedel. Friedel came to Barrett's cell not long after and allegedly told Barrett that he was not going to contact psychological services because that is not how it works. Barrett states that he had already pushed his emergency cell button to alert Defendant Officer Michael Neveu, but Neveu had allegedly been ignoring Barrett all morning. Barrett asserts that Neveu was ignoring him because Barrett had been complaining about Neveu harassing him. Bridges eventually came back to Barrett's door and informed him that he could not force Friedel to do his job. Barrett asserts that Van Lanen told him he was tired of playing with him. Dkt. No. 1 at 3-6.

Barrett asserts that at about 3:00 p.m., Defendant Nurse Rachel Matushak came to his door, and he told her he was suicidal and needed to see psychological services. He states that he showed her "a handful of pills and she immediately ran away from [his] door." *Id.* at 5. Barrett asserts that Matushak did not inform anyone that he had pills. About a half hour later, Bridges returned to Barrett's cell and again refused to call psychological services. Barrett states that he then took the handful of pills in front of Bridges. According to Barrett, there was a delay in taking him to the hospital, during which time he felt disoriented. *Id.* at 5-6.

## THE COURT'S ANALYSIS

The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403, at *2 (E.D.

3

Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). This duty includes preventing inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. Cty. of Madison*, 746 F.3d 766, 775-76 (7th Cir. 2014). To state a claim under the Eighth Amendment, a plaintiff must allege that: "(1) the harm that befell [him was] objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760-61 (7th Cir. 2006) (citations omitted).

The Seventh Circuit has clarified that the Eighth Amendment does not apply when an inmate makes insincere suicide threats that results in minor injuries that are quickly and easily treated. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). That is because, "[i]n order to succeed in a §1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019) (emphasis in original) (internal quotation marks omitted). In other words, an inmate may not recover damages based only on the fact that an official did not immediately respond to a suicide threat. *Lord*, 952 F.3d at 905. To prevail, the inmate must also establish that he suffered an injury as a result of the official ignoring his threat. *Id.*; *see also Davis v. Gee*, No. 14-cv-617, 2017 WL 2880869, at *3-4 (W.D. Wis. July 6, 2017) (holding that to show a constitutional injury, the harm must present a sufficiently serious risk of serious damage to future health; swallowing a handful of Tylenol fails to do that).

Barrett alleges that he informed Defendants that he was suicidal and wanted to talk to psychological services. When they did not give him what he demanded, he swallowed a handful of pills in front of Bridges. According to Barrett, no effort was made to stop him and Defendants delayed getting him help afterwards. But Barrett does not clarify what the pills were, how many

4

Case 1:23-cv-00138-WCG   Filed 06/09/23   Page 4 of 7   Document 18

there were, or what side-effects he experienced from taking the pills apart from feeling disoriented. Although Barrett was taken to the hospital as a precaution (or perhaps because policy required it), his assertion that he felt disoriented without more, suggests that his injuries were neither objectively sufficiently serious nor posed a substantial risk to his health or safety.

Thus, it appears that Barrett wants "to recover money damages solely for the risk to his life" that "the defendant officers ignored by not immediately responding to his [self-harm] threat," but that risk is not compensable without an injury. *Lord*, 952 F.3d at 905. Because Barrett fails to allege that he suffered a recoverable injury from taking the pills, he therefore fails to state a claim upon which relief can be granted. *See id.* (holding that physical injuries consisting of only minor scratches, quickly and easily treated with a gauze bandage do not equate to a cognizable harm); *Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021) (holding that feeling "sick and weird" is not a cognizable harm).

The Seventh Circuit has instructed that plaintiffs should be afforded an opportunity to amend their complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th Cir. 2022). Accordingly, if Barrett believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **July 10, 2023**. Barrett should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation, and he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. If Barrett cannot cure the deficiencies in the original complaint, he need not take any further action. Barrett is advised that an amended complaint replaces the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is

not received, the Court will dismiss this case based on Barrett's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Barrett's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **July 10, 2023**, Barrett may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision. If Barrett does not file an amended complaint, the Court will dismiss this action based on his failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Barrett a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Barrett shall collect from his institution trust account the $347.90 balance of the filing fee by collecting monthly payments from Barrett's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Barrett is transferred to another institution, the transferring institution shall forward a copy of this Order along with Barrett's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Barrett is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Barrett is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 9th day of June, 2023.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge