UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL L. BARRETT,

        Plaintiff,

   v.                                  Case No. 23-C-138

MONTREL BRIDGES, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Carl Barrett is confined at the Green Bay Correctional Institution and representing himself in this 42 U.S.C. §1983 case. He and other inmates on his behalf have raised concerns about how staff, including some Defendants, are treating him. Specifically, Barrett asserts that Defendant Rachel Matushak has been instructed by segregation staff to deny Barrett a no-kneel restriction to accommodate his knee injury despite the injury making it extremely painful for him to bend his knee and/or kneel.

On October 11, 2023, the Court denied Barrett's motion asking the Court to dictate security policies and practices and/or meddle in staff assignments and duties. The Court observed that "the problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison officials therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979). The Court encouraged Barrett to continue submitting request slips to health services regarding his

knee condition and to avail himself of the inmate complaint review system. The Court reminded Barrett that, if he does not believe his concerns are being addressed, he may bring a lawsuit.

On November 13, 2023, Barrett filed a motion for reconsideration explaining that segregation staff's alleged misconduct is interfering with his ability to prosecute this action. According to Barrett, because he is unable to kneel as ordered, he is not allowed to leave his cell to go to the law library, he is unable to receive his meals which effectively has forced him onto a hunger strike, and he is unable to comply with orders to come out of his cell to be examined by health services. Barrett asserts that he has been tasered three times for not complying with orders to kneel, even though he has explained numerous times that his knee injury prevents him from complying. Dkt. No. 38.

Given the severity of Barrett's circumstances and the impact those circumstances appeared to be having on Barrett's ability to prosecute this action, the Court required Defendants to respond to Barrett's motion. Specifically, the Court ordered Defendants to address Barrett's claims that health services staff is being denied the opportunity to examine Barrett and that corrections staff is dictating to health services what accommodations Barrett may (or may not) be provided for his knee injury. The Court also instructed Defendants to explain why Barrett continues to be denied a no-kneel restriction and whether requiring Barrett to kneel is the only way to preserve the safety and order of the institution.

Having been granted an extension of time, Defendants responded to Barrett's motion on December 14, 2023. In support of their response, Defendants submitted the declaration of Cassandra Baier, the health services manager at Green Bay Correctional. Baier declared under penalty of perjury that no member of security staff had instructed her or any other health services staff member to refuse Barrett care. She also explained that health services staff conduct weekly

wellness checks on Barrett, which are recorded by nursing staff. According to Baier, Barrett can notify staff of any issues during these wellness checks. Staff also examined Barrett daily from October 25 through November 6, 2023 because he was on a hunger strike. After Barrett resumed eating, the doctor encouraged him to use the knee brace and TheraBand he had received for his knee, and he was restarted on Naproxen and muscle rub. Finally, Baier confirms that Barrett does not have a no-kneel restriction. She states that Barrett requested such a restriction, but the Special Needs Committee denied the request on October 5, 2023. Despite the Court's order, neither Baier nor Defendants explained why Barrett continues to be on a kneel restriction and whether requiring Barrett to kneel is the only way to preserve the safety and order of the institution. Barrett did not file a reply brief in support to of his motion.

As the Court initially observed when Barrett first raised his complaints about being denied a no-kneel restriction, "the mere fact that he has a case pending before the Court does not authorize the Court to meddle in and micromanage the day-to-day operations at his institution. The Court has no expertise in medical care, so it cannot determine what accommodations Barrett's knee condition requires. And the Court does not have any expertise in prison security, so it cannot determine what policies and procedures are necessary to maintain order or ensure officers' and Barrett's safety." Dkt. No. 32 at 2. The Court ordered Defendants to respond to Barrett's motion for reconsideration based, in part, on his assertions that health services was being denied the opportunity to examine him and that security staff's alleged misconduct was interfering with his ability to prosecute this case. But, with additional information and the passage of time, the Court concludes that neither of those assertions are valid.

First, Baier confirms that security staff has *not* interfered with health service staff's ability to examine Barrett. She also explains that health services staff examined Barrett at least weekly,

3

Case 1:23-cv-00138-WCG    Filed 01/17/24    Page 3 of 5    Document 62

and sometimes daily. Based on these assertions, there is no basis for the Court to conclude Barrett's needs are being ignored and therefore no reason for the Court to meddle in Barrett's medical care. Barrett clearly disagrees with the treatment he is being offered, but as the Court already informed Barrett, if he believes the Special Needs Committee improperly denied his request for a no-kneel restriction, he may file an inmate complaint, and if he is not satisfied with the outcome of that process, he may file a lawsuit. The Court will not needlessly resolve issues that have nothing to do with this case.

As to Barrett's assertion that the denial of a no-kneel restriction was interfering with his ability to prosecute this case, Barrett's recent filings demonstrate otherwise. On November 30, 2023, Defendants filed a motion for summary judgment on exhaustion grounds. On January 3, 2024, Barrett filed a motion for an extension of time, a legal brief responding to Defendants' arguments, responses to Defendants' proposed statements of fact, and a declaration. As such, Barrett appears fully capable of litigating this case—with or without a no-kneel restriction.

Finally, the Court notes that progress notes from early December record that Barrett covered the camera in his cell multiple times, climbing up on his toilet and sink to do so. Barrett was also observed completing all his daily activities with ease, including walking in his cell without a limp. These observations call into question Barrett's credibility regarding his alleged inability to comply with officers' orders to kneel. But putting that aside, the observations demonstrate Barrett's refusal to comply with basic orders such as keeping his cell camera uncovered. As the Court previously explained to Barrett, "[t]he extent to which an inmate talks back to staff, threatens staff and others, fights with staff and others, refuses to comply with even routine orders, etc., influences staff's assessment of the risk of harm an inmate poses to staff, others, or himself. The higher the perceived risk; the stricter the restrictions that staff will apply

4

to an inmate." Dkt. No. 32 at 2. Accordingly, if Barrett wishes to be free of a kneel restriction, he should start conducting himself in a manner that demonstrates to staff that he is willing to follow orders and can keep himself and others safe.

**IT IS THEREFORE ORDERED** that Barrett's motion to be separated from Defendants and his motion for reconsideration (Dkt. No. 38) are **DENIED**.

Dated at Green Bay, Wisconsin this 17th day of January, 2024.

                                              s/ Willliam C. Griesbach
                                              William C. Griesbach
                                              United States District Judge