UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARL L. BARRETT,

    Plaintiff,

v.                                                   Case No. 23-C-138

MONTREL BRIDGES, et al.,

    Defendants.

---

# DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

---

Plaintiff Carl Barrett, who is serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed this action under 42 U.S.C. §1983. On November 30, 2023, Defendants Montrel Bridges, Gregory Friedel, Rachel Matushak, Michael Neveu, Joseph Spencer, and Jay VanLanen moved for summary judgment on the ground that Barrett failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 43. For the reasons explained below, the Court will grant Defendants' motion and dismiss this action without prejudice.

## BACKGROUND

Barrett is proceeding on Eighth Amendment claims based on allegations that Defendants were deliberately indifferent to the risk of harm he posed to himself on August 24, 2022. Barrett filed two inmate complaints relating to the incident at issue in this case: The first was filed on September 14, 2022 (twenty-one days after the incident), and the second was filed on September 19, 2022 (twenty-six days after the incident). Both inmate complaints were rejected by the institution complaint examiner and the reviewing authority because they were submitted outside the fourteen-day calendar limit mandated by Wis. Admin. Code DOC §310.07(2). Dkt. Nos. 45, 56 at ¶¶1-8.

Barrett explains that he was at the hospital for two to three days following the incident at issue and then on observation status. He states that he received inmate complaint forms on August 31, 2022, and opted to submit an inmate complaint about earbuds that had gone missing when staff packed his property. According to Barrett, he then contacted Jodi Perttu and Hannah Utter in an effort to informally resolve his concerns about the incident at issue. Barrett asserts that, as instructed by staff, he waited ten days to allow Perttu and Utter sufficient time to respond. Barrett then submitted his first inmate complaint during the week of September 11, 2022, and his second inmate complaint the following week. Dkt. No. 58; Dkt. No. 58-1; Dkt. No. 46-2 at 10; Dkt. No. 46-3 at 11.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

# ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Barrett was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(c)(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "A prisoner's failure to exhaust administrative remedies before filing a claim is an affirmative defense, . . . [so] defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Wisconsin has established the Inmate Complaint Review System (ICRS) as the principal administrative remedy for prisoners. *See* Wis. Admin. Code DOC §310.04. Under the ICRS, a prisoner must file an inmate complaint within fourteen days after the occurrence giving rise to the complaint. DOC §310.07(2). An inmate complaint filed outside of that time period may be accepted for good cause, but an inmate must "request to file a late complaint *in the written complaint* and explicitly provide the reason for the late filing." *Id.* (emphasis added). "Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).

Barrett failed to comply with DOC §310.07(2), so his inmate complaints were properly rejected, and this case must be dismissed based on his failure to exhaust the available administrative remedies. It is undisputed that Barrett filed the two inmate complaints outside the fourteen-day window. Barrett explains that he had good cause for filing the inmate complaints late, which he

3

explained in the appeals of his rejections, but it is undisputed that Barrett did not "explicitly provide the reason for the late filing[s]" "in the written complaint[s]" as DOC §310.07(2) requires. As the Seventh Circuit has explained, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo*, 286 F.3d at 1023.

Barrett also argues that the administrative process was unavailable to him because he was following the institution complaint examiner's instructions to wait ten days for a response to his efforts to informally resolve his concerns before filing an inmate complaint. According to Barrett, it was his compliance with that instruction that resulted in him filing his inmate complaints outside the fourteen-day window. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Prison authorities cannot immunize themselves from suit by establishing procedures that in practice are not available because they are impossible to comply with or simply do not exist." (citations omitted)).

But Barrett misunderstands the institution complaint examiner's instructions. On at least two occasions prior to the incidents at issue, the same institution complaint examiner who rejected the inmate complaints relevant to this case refused to accept inmate complaints because Barrett had not included "proof" that he had attempted to resolve the issues informally. *See* Dkt. No. 58-1 at 3, 15. Notably, Barrett filed both of those inmate complaints within the fourteen-day window. In the return letters, the institution complaint examiner gave Barrett an opportunity to correct the returned complaint by providing proof of his efforts to resolve the issue informally. He instructed, "Please give the staff member's [sic] adequate time to respond before resubmitting your complaint. If the staff member does not respond, you may re-file the complaint within the 10 day time limit." *Id.* Clearly, the institution complaint examiner did *not* instruct Barrett to give the staff members ten days

4

to respond before refiling; he instructed only that Barrett provide the staff member with "adequate time" and then emphasized Barrett must refile within the time limit.[1]

Per DOC §310.07(2), Barrett was required to file his inmate complaint within fourteen days of the incident. If he was unable to—because he was on observation status, did not have supplies, or was waiting for a response from staff on his efforts to resolve the issue informally—he was required to explicitly state that reason in his written complaint. Barrett did not do so. Accordingly, Barrett failed to exhaust the available administrative remedies, and Defendants are entitled to summary judgment. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Gibson v. Chester*, No. 19-cv-45-pp, 2020 WL 5716055, at *7 (E.D. Wis. Sept. 24, 2020).

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 43) and **DISMISSES** this action **without prejudice**. The Clerk of Court shall enter judgment accordingly. The Court **DENIES as moot** Barrett's motion for reconsideration of its order regarding the e-filing policies at Barrett's institution (Dkt. No. 67).

Dated at Green Bay, Wisconsin this 26th day of February, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] Barrett also points to a response from a different institution complaint examiner stating that, if Barrett does not receive a response to his attempts at informal resolution after ten days, he may file his inmate complaint. Dkt. No. 58-1 at 10. The response does not excuse Barrett from complying with the fourteen-day limit in DOC §310.07, but regardless, Barrett received this response more than a year after the incidents at issue and so it could not have misled him with regard to the filing requirements in this case.

5

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.